# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TAMMY WAMSTAD, an individual, d/b/a Fine Line Designs,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Civil Action No. 09-0209-KD-B |
| **HALEY CONSTRUCTION, INC., GMRI, INC. and DARDEN RESTAURANTS, INC.,** ) ) ) ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on Defendants Haley Construction, Inc., GMRI, Inc., and Darden Restaurants, Inc. ("the defendants") motion to transfer this action to the Middle District of Florida (Doc. 9), the defendants' memorandum and affidavits in support of their motion (Docs. 18 and 19), the plaintiff's responses to the motion (Docs. 16 and 22) and the defendants' reply thereto (Doc. 25). For the reasons stated herein, the defendants' motion to transfer is due to be **GRANTED**.

I. **Background**

The plaintiff originally filed this action in the Circuit Court of Baldwin County, Alabama, seeking money allegedly due under each of three subcontract agreements she entered into with Haley. (Doc. 1 at 8–13). On April 15, 2009, the defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1) based on complete diversity between the plaintiff and the defendants and an amount in controversy in excess of $75,000. (Id. at 4–7). The plaintiff is a resident of Baldwin County, Alabama and does business as Fine Line Designs. (Id. at 8, ¶ 1). Each of the defendants is incorporated in the State of Florida and has its principal place of business

in the Middle District of Florida.  (Id. at 8-9, ¶¶ 2 – 4; Affidavit of Tracy S. Wade  (Doc. 18-8 at ¶¶ 3 and 4); Affidavit of Dan Haley (Doc. 19-2 at ¶ 2)).

This federal diversity action arises out of a contractual dispute.  Specifically, Defendant Haley and Defendant GMRI entered into three contracts whereby Haley agreed to perform certain construction work in the renovation of three Red Lobster Restaurants owned by GMRI.[1]  (Docs. 18-2, 18-3, and 18-4).  The three restaurants are located in Orange Park, Florida,  Fort Myers, Florida, and Mobile, Alabama. (Id.). The two contracts covering the Florida restaurant renovations state that "the parties to the contract agree that venue and jurisdiction of any litigation between them will be vested solely in a court of competent jurisdiction sitting in Orange County, Florida...." (Docs. 18-2 and 18-3 at ¶ 12.2).  The contract covering the renovation of the Mobile restaurant is silent as to venue and jurisdiction. (Doc. 18-4).  All three contracts provide, however, that Florida law will govern the interpretation and enforcement of the contracts.  (Docs. 18-2, 18-3, and 18-4 at ¶ 9).

Defendant Haley then entered into three separate subcontracts with the plaintiff to do construction work on each of the three restaurants. (Docs. 18-5, 18-6, and 18-7).  The subcontracts provide that any dispute arising between the contractor (Haley) and the subcontractor (the plaintiff) that also involves the rights and duties of the owner (GMRI) shall be decided in accordance with the contracts between Haley and GMRI.  (Docs. 18-5, 18-6, and 18-7 at ¶ 22.1).  As noted above, those contracts place venue of any dispute in Orange County, Florida.  The subcontracts further state that, if a dispute arises between Haley and the plaintiff that does not involve GMRI, "either party may seek redress of its grievances as to such disputes at law or in equity in a court of competent

---

[1] GMRI is a wholly-owned subsidiary of Defendant Darden Restaurants, Inc.  (Doc. 18-8 at ¶ 4).

jurisdiction located in Volusia County, State of Florida." (Id. at ¶ 22.2). Like the contract between GMRI and Haley, the subcontracts also provide that any "matters relating to the validity, performance, or interpretation of this Agreement shall be governed by the law of the State of Florida...." (Id. at ¶ 25.1).

The defendants assert that a transfer of this matter to the United States District Court for the Middle District of Florida (the "Middle District of Florida") is in the best interest of justice and that the Middle District of Florida is the most convenient forum for the parties and witnesses.

## II. Analysis

### A. Relevant Law

The defendants seek transfer of this action pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To prevail, the defendants must show that there is an adequate alternative forum available, that the public and private factors favor transfer, and that the plaintiff can litigate in the alternative forum without undue inconvenience or prejudice. Leon v. Million Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001). The public and private factors have been identified as:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)(citation omitted).

"A motion to transfer under §1404(a) thus calls on the district court to make an individualized, case-by-case determination based on principles of fairness and convenience."

Lasalle Bank N.A. v.Mobile Hotel Properties, LLC, 274 F. Supp. 2d 1293, 1301 (S.D. Ala. 2003). "The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion." Trace-Wilco, Inc. v. Symantec Corp., 2009 WL 455432, *1 (S.D. Fla. Feb. 23, 2009)(citing Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991)).

**B.     Analysis**

The threshold question is whether this action could have been brought in the Middle District of Florida. 28 U.S.C. §1404(a); Lasalle Bank, 274 F. Supp. 2d at 1301. Because the only basis for federal jurisdiction in this case is diversity, venue is governed by 28 U.S.C. §1391(a), which provides, in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated....

28 U.S.C. §1391(a).

The instant case meets both of these requirements. Each of the defendants is a resident of the Middle District of Florida. See Docs. 18-8 at ¶¶ 3, 4; 19-2 at ¶ 2. In addition, because two of the restaurants that were to be renovated are located in the Middle District of Florida, a substantial part of the events or omissions giving rise to this claim occurred in that district. See, e.g., Shaw Group, Inc. v. Natkin & Co., 907 F. Supp. 201, 203 (M.D. La. 1995); Norwood Co. v. Bennett Composites, Inc., 2002 WL 1803758, *1 (E.D. Pa. July 23, 2002); Kown v.Castiglione, 1987 WL 9408, *1 (E.D. Pa. Apr. 15, 1987). Therefore, this action could have been brought in the Middle

4

District of Florida.

The threshold question having been met, this Court must now consider the factors set forth above to determine whether transfer would be for the convenience of parties and witnesses and in the interest of justice. The factors weighing in favor of transfer in this case are the convenience of the witnesses, the convenience of the parties, the locus of operative fact, and the forum's familiarity with the governing law. The defendants submitted a witness list with the names of 15 witnesses. All but one of these witnesses resides in the Middle District of Florida. The other witness lives in Tucker, Georgia. The plaintiff did not provide any information concerning witnesses. Based on these facts, it is clear that transfer would be convenient for the witnesses in this matter. In addition, three of the four parties to this action reside in the Middle District of Florida, so clearly that district would be more convenient to the majority of the parties. The owner of the restaurants and the contractor entered into their contracts in the Middle District of Florida, the subcontracts were, at least, partly executed in that district, and two of the restaurants are located in that district. Thus, the locus of the bulk of the operative facts is the Middle District of Florida. Finally, the contracts and the subcontracts state that they must be governed by the laws of Florida. While this Court is capable of applying Florida law, there is no doubt that a Florida district court would be more familiar with the governing law.

Several of the factors weigh equally or not at all in this analysis. The defendants provided a list of documents that may be relevant to this case, including contracts, design specifications, correspondence and other documents. All of these documents are located in the Middle District of Florida. Although the plaintiff did not provide any evidence regarding documents, it is reasonable to assume that the plaintiff's documents are located in this district since the plaintiff resides in

5

Baldwin County, Alabama. Considering the relative ease of transporting and exchanging documents in today's world, the Court does not believe this is a significant factor in this case. It is possible that there could be unwilling witnesses in both of these jurisdictions; therefore, the Court does not believe the availability of process to compel the attendance of unwilling witnesses is a factor that weighs in favor of either party. There has been no evidence of the relevant means of the parties so the Court cannot consider this factor.

The only factor that, at first glance, appears to weigh in the plaintiff's favor is the plaintiff's choice of forum. The plaintiff filed her action in Baldwin County, Alabama. Although this Court recognizes that normally the plaintiff's choice of forum should be shown a good deal of deference, see First Financial Bank v. CS Assets, LLC, 2009 WL 1211360, *5 (S.D. Ala. May 4, 2009), in the instant case, the plaintiff's choice is less persuasive in light of the fact that the plaintiff entered into a contract with a forum selection clause that designated Orange County and Volusia County, Florida, both located in the Middle District of Florida, as the forums where disputes should or may be brought. See review of relevant contract terms, supra, at p.2. With regard to even a permissive forum selection clause, the court in Shaw Group stated:

> [W]ithin the framework of a section 1404(a) analysis, the forum selection clause evidences the parties' preference regarding a convenient forum. Although such clauses are not dispositive, the Stewart court noted that their presence in a contract is a "significant factor that [should figure] centrally in the district court's calculus" of the above mentioned case-specific factors**.**

907 F. Supp. at 204 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)); accord Berg v. Sage Envtl. Consulting of Austin, Inc., 381 F. Supp. 2d 552 (M.D. La. 2005).

The only evidence offered by the plaintiff relating to the convenience of this district is: (1) she is a resident of Baldwin County, Alabama; (2) she signed the subcontracts in Alabama; (3) the

work done by the plaintiff was done, in part, in Alabama; and (4) she filed this action in Alabama.[2] (Doc. 22). The plaintiff offered no evidence or argument that the Middle District of Florida is inconvenient.

Having considered all of the evidence presented and the relevant law, this Court finds that the evidence submitted by the parties shows that for the convenience of parties and witnesses, in the interest of justice, this case should be transferred to the Middle District of Florida.

### III. Conclusion

Accordingly, the defendants' motion for transfer is **GRANTED**. It is hereby **ORDERED** that this case be transferred to the United States District Court for the Middle District of Florida.

**DONE** and **ORDERED** this the 29th day of **June 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] The only legal argument advanced by the plaintiff, in her response to the defendants' motion, is that the defendants must show that this Court lacks personal jurisdiction in order to prevail on their motion. See doc. 22 at pp. 4-5. This is simply not the law relating to transfers pursuant to §1404(a).